## Commonwealth v. Fry

680

*Samuel F. Bonavita*, for Commonwealth.

*Robert L. Wolfe*, for defendant.

FLICK, P. J., November 25, 1968.—Before the court is defendant's motion in arrest of judgment after he was tried and found guilty before a judge of the court of quarter sessions on a charge of violation of section 1001 (1) of The Vehicle Code of April 29, 1959, P. L. 58, for reckless driving. The prosecution was commenced by the filing of an information signed by trooper Myron Fernstrom of the Pennsylvania State Police and sworn to before justice of the peace Glenn E. Thompson. Defendant waived a hearing before the justice of the peace and filed a $30-cash bond for appearance in the court of quarter sessions.

A ruling on defendant's motion in arrest of judgment was reserved pending the filing of a brief by defendant's counsel in support of the motion. The brief has been filed and the argument therein set forth and the authority therein cited have been carefully considered, and a ruling on the motion will now be made.

The sole ground advanced in support of the motion in arrest of judgment is a technical one, to wit: the copy of the information which was mailed to defendant by the justice of the peace with whom the information was filed and before whom the information was signed and sworn to, is not a complete copy of the information lodged with the justice of the peace. The original in-

formation, lodged with justice of the peace Glenn E. Thompson, shows that it was signed by trooper Fernstrom of the Pennsylvania State Police and that it was sworn to and subscribed before the justice of the peace on July 30, 1968. The copy sent to defendant bears the signature of trooper Myron Fernstrom and the jurat of the justice of the peace is filled in as to the date on which the information was sworn to and subscribed before the justice of the peace, but it does not bear the signature of the justice of the peace or a copy of his signature. To this extent, and to this extent only, the copy of the information which was sent to the defendant is not a complete copy of the information lodged before the justice. Section 1202(a) of The Vehicle Code provides for the commencement of summary proceedings by the filing of an information by a police officer with the justice of the peace, "A sworn information charging the violation of the specific summary provisions of this act". No argument is made that this section was not complied with, and the record before the justice shows that it was complied with. Section 1202(a) requires the justice of the peace to send by registered or certified mail, to the person charged, "a notice in writing of the filing of the information, together with a copy thereof and a notice to appear within ten (10) days of the date of the written notice".

In the instant case, the justice of the peace did not completely comply with section 1202(a) because the copy of the information sent to defendant was not a complete copy. It did not bear the signature of the justice or a copy of his signature showing that the information was sworn to and subscribed before him. The original information, lodged before the justice, did contain the signature of the justice of the peace in the jurat, showing that such information was sworn to and subscribed before him. Is this a fatal defect? In his brief, counsel for defendant cites the case of Com-

monwealth v. Miller, 31 D. & C. 2d 133, but the facts of that case are not the same as the facts in the instant case at bar. In the Miller case, it was conceded that the information was sworn to before the justice and this was shown on the copy sent to defendant, but the justice of the peace apparently forgot to affix his signature to the jurat of the original filed with him and sworn to and subscribed to before him. The court did not find this a fatal defect and defendant's motion in arrest of judgment was dismissed. The Miller case is no help to defendant in the instant case. In the court's opinion it is more important that the information lodged with the magistrate show it was subscribed and sworn to, than it is to have the copy sent to defendant show it was signed and sworn to before the justice of the peace. The chief purpose of sending defendant a copy of the information is to notify him of the exact nature of the charge against him. The information received by defendant in the instant case is complete in that respect. Process on an unsworn information is void, but the record in the instant case shows that the information was signed and sworn to before the justice of the peace. Defendant was properly notified that a charge had been filed against him before Glenn E. Thompson, justice of the peace, and the copy of the information, referred to in the notice, gave defendant complete information as to the nature of the charge filed. If defendant had any doubt as to whether the information had been sworn to, he could easily verify the fact by looking at the justice's record of his case. The omission of the justice's name in the jurat on the copy of the information sent to defendant is not a substantive matter which renders the process void. It is a technical defect and does not amount to unfair treatment and does not prevent defendant from raising the issue of jurisdiction if, in fact, the information has not been sworn to and subscribed before the justice of

the peace. In the Miller case, the information was sworn to but the justice's record failed to show that it was sworn to, and it was held that this defect was not a fatal defect. In the instant case, the information was sworn to, the justice's record shows that it was sworn to and subscribed before him, but the copy sent to defendant does not bear the signature of the justice or a copy thereof in the jurat. In the court's opinion, the defect in the instant case is much weaker than the defect in the Miller case and if defendant's motion in arrest of judgment is properly denied in that case, it must certainly be denied in the instant case. Valid process, based on an information properly subscribed and sworn to before the justice of the peace, cannot be rendered invalid by a technical omission in a copy of the information sent to the defendant, when he is fairly informed of the charge filed against him.

Therefore, defendant's motion must be dismissed and the court makes the following

### ORDER

And now, November 25, 1968, for the reasons stated in the foregoing opinion, defendant's motion in arrest of judgment is denied and he is directed to appear in court on December 5, 1968, for sentence unless before that time he pays to the clerk of quarter sessions the statutory fine of $10 and costs.